UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND and DENIS MONTGOMERY, | : Case No. 10-cv-00440 (LAK)(HBP) |
| | : |
| | : ECF Case |
| Plaintiffs, | : |
| | : Electronically Filed |
| v. | : |
| | : |
| BANK OF AMERICA CORPORATION, KENNETH D. LEWIS, JOE L. PRICE, NEIL A. COTTY, WILLIAM BARNET, III, FRANK P. BRAMBLE, SR., JOHN T. COLLINS, GARY L. COUNTRYMAN, TOMMY R. FRANKS, CHARLES K. GIFFORD, W. STEVEN JONES, WALTER E. MASSEY, THOMAS J. MAY, PATRICIA E. MITCHELL, THOMAS M. RYAN, O. TEMPLE SLOAN, JR., MEREDITH R. SPANGLER, ROBERT L. TILLMAN, JACKIE M. WARD, BANC OF AMERICA SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, WACHOVIA CAPITAL MARKETS, LLC, DEUTSCHE BANK SECURITIES, J.P. MORGAN SECURITIES INC., | : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS'
MOTION TO DISMISS COUNTS I AND II OF THE FIRST AMENDED COMPLAINT**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for the Underwriter Defendants

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS ..........................................................................................................4

    A.    The Offerings ................................................................................................................4

    B.    The Parties ....................................................................................................................4

        1.    Plaintiffs ...............................................................................................................4

        2.    The Underwriter Defendants ...............................................................................5

    C.    BAC Announces Declines in the Value of its Mortgage and Credit Related Assets ..........5

    D.    Claims Against the Underwriter Defendants ...............................................................5

ARGUMENT ................................................................................................................................6

COUNTS I AND II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED ................6

I.    PLAINTIFFS' CLAIMS ARE TIME-BARRED ...................................................................7

II.    PLAINTIFFS LACK STANDING TO PURSUE CLAIMS CONCERNING THE SERIES L OFFERING ..........................................................................................................8

III.    PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2) .......................8

IV.    PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS ......................................................11

CONCLUSION ...........................................................................................................................12

# TABLE OF AUTHORITIES

Cases                                                                                                  Page(s)

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ..................................................................................................4

*In re Alcatel Securities Litigation*,
   382 F. Supp. 2d 513 (S.D.N.Y. 2005) ..................................................................................9

*Amida Capital Management II, LLC v. Cerberus Capital Management, L.P.*,
   669 F. Supp. 2d 430 (S.D.N.Y. 2009) ..................................................................................5

*Amorosa v. AOL Time Warner Inc.*,
   Nos. 09-5270-cv (L); 10-699 (Con), 2011 WL 310316 (2d Cir. Feb. 2, 2011) ...............2, 7

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .........................................................................................................6

*In re Barclays Bank PLC Securities Litigation*,
   No. 09 Civ. 1989(PAC), 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011) ...................3, 7, 9, 10, 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................................6, 7

*Fait v. Regions Financial Corp.*,
   712 F. Supp. 2d 117 (S.D.N.Y. 2010) ................................................................................11

*Freidus v. ING Groep N.V.*,
   736 F. Supp. 2d 816 (S.D.N.Y. 2010) ........................................................................2, 7, 11

*In re Global Crossing, Ltd. Securities Litigation*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003) ..................................................................................8

*Gustafson v. Alloyd Co.*,
   513 U.S. 561 (1995) .............................................................................................................9

*Key Items, Inc. v. Ultima Diamonds, Inc.*,
   No. 09 Civ. 3729(HBP), 2010 WL 3291582 (S.D.N.Y. Aug. 17, 2010) .............................6

*In re Lehman Bros. Securities & ERISA Litigation*,
   684 F. Supp. 2d 485 (S.D.N.Y. 2010) ..............................................................................2, 8

*In re Lehman Bros. Securities & ERISA Litigation*,
   683 F. Supp. 2d 294 (S.D.N.Y. 2010) ..................................................................................7

*New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*,
   No. 08 Civ 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ..............................9, 10

*In re Optionable Securities Litigation*,
   577 F. Supp. 2d 681 (S.D.N.Y. 2008) ................................................................................4

*Panther Partners, Inc. v. Ikanos Communications, Inc.*,
   538 F. Supp. 2d 662 (S.D.N.Y. 2008), *aff'd*, 347 F. App'x 617 (2d Cir. 2009) ..................2, 7

*Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co.*,
   714 F. Supp. 2d 475 (S.D.N.Y. 2010) ............................................................................9, 10

*In re Sterling Foster & Co., Securities Litigation*,
   222 F. Supp. 2d 216 (E.D.N.Y. 2002) ................................................................................9

Statutes

15 U.S.C. § 77m .................................................................................................................7

17 C.F.R. § 230.415(a) (2010) ............................................................................................4

Defendants Citigroup Global Markets Inc., Deutsche Bank Securities, J.P. Morgan Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co., Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (collectively, the "Underwriter Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Counts I and II of the First Amended Complaint (the "Amended Complaint" or "Am. Compl.") with prejudice, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. To the extent applicable to them, the Underwriter Defendants adopt the arguments set forth in the Bank of America Defendants' Memorandum of Law in support of their motion to dismiss the First Amended Complaint (the "BAC Defendants' Memorandum of Law").

## PRELIMINARY STATEMENT

Beginning in late-summer 2007, the world financial markets experienced an unprecedented liquidity crisis. Almost overnight, the financial markets seized up and the market for collateralized debt obligations ("CDOs"), which were backed by subprime mortgage assets, collapsed. As a result of this crisis, banks around the world announced substantial write-downs of mortgage and credit-related assets. Bank of America Corporation ("BAC") was not immune from the financial crisis. Beginning in November 2007 and throughout 2008, BAC announced a number of write-downs and losses related to its mortgage and credit-related assets. (*See* Am. Compl. ¶¶ 67-76.)

On January 19, 2010, plaintiff Denis Montgomery filed a putative class action complaint against BAC, certain of its officers and directors, and the Underwriter Defendants alleging violations of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*, and 77o. On January 14, 2010, lead plaintiff NECA-IBEW Pension Trust Fund ("NECA-IBEW"), together with Montgomery (collectively, "Plaintiffs"), filed the

Amended Complaint. Using "craftily drafted" hindsight allegations implying "that what only became clear due to subsequent events was somehow known . . . far earlier," *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 669 (S.D.N.Y. 2008), *aff'd*, 347 F. App'x 617 (2d Cir. 2009), Plaintiffs allege that the registration statements and prospectuses relating to three offerings by BAC of preferred stock[1] between January 2008 and May 2008 underwritten by some or all of the Underwriter Defendants were "false and misleading" because, among other things, they purportedly incorporated public filings that failed to present accurate disclosures regarding BAC's exposure from mortgage and credit-related assets. In other words, BAC and the Underwriter Defendants failed to predict the future.

On its face, the Amended Complaint is fatally defective and Counts I and II against the Underwriter Defendants should be dismissed for the following reasons. *First*, Plaintiffs' claims are time-barred. Claims under the Securities Act "are barred if brought more than one year after actual or constructive notice of the claim." *Amorosa v. AOL Time Warner Inc.*, Nos. 09-5270-cv (L), 10-699 (Con), 2011 WL 310316, at *3 (2d Cir. Feb. 2, 2011). As set forth in the BAC Defendants' Memorandum of Law, Plaintiffs were on constructive notice of their claims by at least late 2008. Nevertheless, the original complaint in this matter was filed more than a year later, on January 19, 2010. Accordingly, Plaintiffs' claims are time-barred. *See, e.g., Freidus v. ING Groep N.V.*, 736 F. Supp. 2d 816, 828 (S.D.N.Y. 2010) (Kaplan, J.) (*See* Point I *infra.*)

*Second*, no named plaintiff is alleged to have purchased the Series L securities. As a result, Plaintiffs lack standing to assert Securities Act claims relating to those securities. *See In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 491 (S.D.N.Y. 2010) (Kaplan, J.). (*See* Point II *infra.*)

---

[1] The three BAC preferred securities at issue are referred to herein as the "Series H," "Series K," and "Series L" securities.

2

*Third*, Plaintiffs lack standing to assert any claims pursuant to Section 12(a)(2) of the Securities Act. To establish standing under Section 12(a)(2), a plaintiff must allege facts sufficient to demonstrate that it purchased securities (i) in the public offerings at issue rather than in any secondary market and (ii) directly from the defendants actually being sued. *See, e.g., In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989(PAC), 2011 WL 31548, at *6 (S.D.N.Y. Jan. 5, 2011). Conspicuously absent from the Amended Complaint, however, are *any* allegations that Plaintiffs actually purchased the Series L or Series K securities in the public offerings at issue as opposed to the secondary market. Moreover, Plaintiffs fail to adequately allege that they purchased the Series H securities directly from one of the Underwriter Defendants in the public offering at issue. As a result, the Section 12(a)(2) claims should be dismissed. (*See* Point III *infra.*)

*Finally*, for the reasons set forth in the BAC Defendants' Memorandum of Law, Plaintiffs do not allege any actionable misstatements or omissions in the offering documents and their Securities Act claims, therefore, fail as a matter of law. (*See* Point IV *infra.*)

For these, and additional reasons outlined below and in the BAC Defendants' Memorandum of Law, Counts I and II of the Amended Complaint should be dismissed with prejudice against the Underwriter Defendants.

## STATEMENT OF FACTS[2]

A.   The Offerings

On May 5, 2006, BAC, a worldwide financial institution headquartered in Charlotte, North Carolina, filed a shelf registration statement (the "Shelf Registration Statement")[3] with the Securities and Exchange Commission. (Am. Compl. ¶ 1.) Between January 2008 and May 2008, BAC issued preferred securities in three separate offerings (collectively, the "Offerings") and filed prospectus supplements to the Shelf Registration Statement (collectively, the "Offerings Documents"). (*Id.* ¶¶ 10-12.) The Offerings were as follows:

- Fixed to Floating Rate Non-Cumulative Preferred Stock (the "Series K Securities"), offered on January 24, 2008 (the "Series K Offering");

- 7.25% Non-Cumulative Perpetual Convertible Stock (the "Series L Securities"), offered on January 24, 2008 (the "Series L Offering"); and

- 8.20% Non-Cumulative Preferred Stock (the "Series H Securities"), offered on May 20, 2008 (the "Series H Offering"). (*Id.* ¶¶ 1, 10-12.)

B.   The Parties

   1.   Plaintiffs

Lead Plaintiff NECA-IBEW allegedly acquired Series K Securities from defendant Bank of America Securities LLC ("BAS"). (Am. Compl. ¶ 20.) Plaintiff Denis Montgomery allegedly

---

[2]   For purposes of a motion to dismiss, the Court may consider "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *In re Optionable Sec. Litig.*, 577 F. Supp. 2d 681, 688 (S.D.N.Y. 2008) (Kaplan, J.) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)) (holding that a court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff[s] and upon which [they] relied in bringing the suit").

[3]   A shelf registration statement allows securities to "be registered for an offering to be made on a continuous or delayed basis in the future." 17 C.F.R. § 230.415(a) (2010).

4

acquired Series H Securities "through Defendant Merrill Lynch." (*Id.* ¶ 21.) Neither named Plaintiff is alleged to have purchased Series L Securities.

    2.    <u>The Underwriter Defendants</u>

The Underwriter Defendants are financial services firms that acted as underwriters for certain of the Offerings. (Am. Compl. ¶¶ 43-49.)

C.    <u>BAC Announces Declines in the Value of its Mortgage and Credit Related Assets</u>

By late-summer 2007, the credit markets had suffered an unparalleled liquidity seizure. *See, e.g., Amida Capital Mgmt. II, LLC v. Cerberus Capital Mgmt., L.P.*, 669 F. Supp. 2d 430, 433 (S.D.N.Y. 2009) ("July 2007 marked the beginning of what was then called the 'credit crunch,' the first phase of the financial crisis that culminated in the fall of 2008."). It was in this context that, in November 2007, BAC warned that "extreme dislocations" in the financial markets were adversely affecting BAC's exposure to mortgage and credit related assets. (*See* Am. Compl. ¶¶ 67-70.) To that end, on January 22, 2008, BAC announced more than $3 billion in write-downs of its mortgage and credit related assets. (*Id.* ¶ 72.) Shortly thereafter, on February 28, 2008, BAC announced that it had "$5.6 billion in losses" for 2007 "resulting from [its] CDO exposure and other trading losses." (*Id.* ¶ 73). Moreover, throughout 2008, as market conditions continued to deteriorate, BAC announced a number of additional write-downs and losses related to its mortgage and credit related assets.[4]

D.    <u>Claims Against the Underwriter Defendants</u>

Plaintiffs purport to assert two claims against the Underwriter Defendants. Count I alleges that the Underwriter Defendants violated Section 11 of the Securities Act and Count II

---

[4]    Despite the various losses and write-downs related to its mortgage and credit-related assets, BAC was never required to restate any financial statements or issue any corrective disclosures.

5

alleges that the Underwriter Defendants violated Section 12(a)(2) of the Securities Act. The Amended Complaint generally alleges, in formulaic fashion, that: (i) the Offerings took place; (ii) certain financial institutions served as underwriters for particular Offerings; (iii) the Offering Documents were "false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated [therein];" (iv) "[t]he Underwriter Defendants were responsible for the contents and dissemination of the [Offering Documents];" (v) the Underwriter Defendants did not make "a reasonable investigation or posses[] reasonable grounds for the belief that the statements contained in the [Offering Documents] were true and without omission of any material facts and were not misleading;" and, as a result, (vi) the Underwriter Defendants are liable for violations of Sections 11 and 12(a)(2) of the Securities Act. (Am. Compl. ¶¶ 114-120, 124-127.)

Both the Section 11 and Section 12(a)(2) claims are based on the same alleged misstatements and omissions. Plaintiffs generally allege that BAC "failed to take sufficient reserves and charge-offs to its CDO and loan portfolios in the second, third and fourth quarters of 2007" and, as a result, "the financial disclosures accompanying each of [the] Offerings were materially false and misleading." (Am. Compl. ¶¶ 13-14.)

## ARGUMENT

### COUNTS I AND II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09 Civ. 3729(HBP), 2010 WL 3291582,

6

at *2 (S.D.N.Y. Aug. 17, 2010) (Pitman, J.). "Pleading labels or conclusion is [insufficient]." *In re Lehman Brothers Sec. & ERISA Litig.*, 683 F. Supp. 2d 294, 303 (S.D.N.Y. 2010) (Kaplan, J.) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[C]raftily drafted" allegations "imply[ing] that what only became clear due to subsequent events was somehow known . . . far earlier," such as those asserted here, do not meet this pleading standard. *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 669 (S.D.N.Y. 2008), *aff'd*, 347 F. App'x 617 (2d Cir. 2009).

I.   **PLAINTIFFS' CLAIMS ARE TIME-BARRED**

Pursuant to the Securities Act, "[n]o action shall be maintained to enforce any liability created under section [11 or section 12(a)(2)] . . . unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. Accordingly, Securities Act claims "are barred if brought more than one year after actual or constructive notice of the claim." *Amorosa v. AOL Time Warner Inc.*, Nos. 09-5270-cv (L), 10-699 (Con), 2011 WL 310316, at *3 (2d Cir. Feb. 2, 2011); *see also In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989(PAC), 2011 WL 31548, at *6 (S.D.N.Y. Jan. 5, 2011).

As set forth in the BAC Defendants' Memorandum of Law, Plaintiffs were on notice of their Securities Act claims by at least late 2008. (*See* BAC Defendants' Memorandum of Law at Point I.)[5] Because the initial complaint in this matter was not filed until January 14, 2010 – *i.e.*, more than a year after Plaintiffs were on notice of their causes of action – Plaintiffs' Securities Act claims are time-barred. *See, e.g., Freidus v. ING Groep N.V.*, 736 F. Supp. 2d 816, 828

---

[5]   To avoid unnecessary duplication, the Underwriter Defendants do not repeat in full the arguments set forth in the BAC Defendants' Memorandum of Law.

7

(S.D.N.Y. 2010) (Kaplan, J.) (dismissing Section 11 and Section 12(a)(2) claims as time-barred where plaintiffs were on inquiry notice of their claims more than a year before filing suit).[6]

## II. PLAINTIFFS LACK STANDING TO PURSUE CLAIMS CONCERNING THE SERIES L OFFERING

It is axiomatic that a named plaintiff does not have standing to assert Securities Act claims relating to securities it did not purchase. *See In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. 2010) (Kaplan, J.) As Judge Kaplan has held, "[i]n a class action, as in any other lawsuit, the named plaintiffs must 'show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . they purport to represent.'" *Id.* (quoting *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008)). Thus, in *Lehman*, Judge Kaplan dismissed all claims arising from offerings in which none of the named plaintiffs purchased any securities. *Id.* at 491; *see also In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003) (holding that to have standing to assert a Section 11 claim on behalf of a class, "at least one named plaintiff . . . must have purchased [securities] traceable to the challenged offering").

Here, no named Plaintiff is alleged to have purchased the Series L Securities. As a result, Plaintiffs claims relating to the Series L Securities should be dismissed for lack of standing. *See Lehman Bros.*, 684 F. Supp. 2d at 491.

## III. PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2)

In order to have Section 12(a)(2) standing, a plaintiff must allege facts sufficient to demonstrate that it purchased securities, and that such purchase was in the public offering at

---

[6] As set forth in the BAC Defendants' Memorandum of Law, even if Plaintiffs claims relating to the Series H and L Securities were somehow timely, their claims regarding the Series K Securities would still be time-barred because no plaintiff with standing to assert Series K claims joined the case until March 2010 – more than a year after Plaintiffs allege the Securities Act violations were revealed. (BAC Defendants' Memorandum of Law at Point I.C.)

8

issue, and not in any secondary market. *See Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 484 (S.D.N.Y. 2010); *see also Gustafson v. Alloyd Co.*, 513 U.S. 561, 578 (1995); *In re Alcatel Sec. Litig.*, 382 F. Supp. 2d 513, 530 n.8 (S.D.N.Y. 2005) ("Only those [p]laintiffs who purchased . . . shares pursuant to (i.e., in) the IPO have standing to bring [a] section 12(a)(2) claim."). In addition, "a plaintiff must adequately allege that he or she purchased the relevant shares directly from the defendant." *Barclays Bank*, 2011 WL 31548, at *5.

As an initial matter, Plaintiffs admittedly did not purchase the Series L Securities and, therefore, lack standing to assert a Section 12(a)(2) claim relating to such securities. Moreover, although Plaintiffs allege that NECA-IBEW purchased Series K Securities, there is no allegation that the securities were purchased *in* the Series K Offering, as opposed to the secondary market. Accordingly, Plaintiffs also lack standing to assert a Section 12(a)(2) claim in connection with the Series K Securities. *See, e.g., N.J. Carpenters Health Fund v .DLJ Mortgage Capital, Inc.*, No. 08 Civ 5653 (PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (dismissing Section 12(a)(2) claim where complaint did not allege that plaintiffs purchased shares in public offering); *Merrill Lynch & Co.*, 714 F. Supp. 2d at 484 (same); *see also, e.g., In re Sterling Foster & Co., Sec. Litig.*, 222 F. Supp. 2d 216, 245 (E.D.N.Y. 2002) (dismissing Section 12(a)(2) claim where "the plaintiffs fail[ed] to allege that they purchased the securities in the public offering, as opposed to in the aftermarket," despite the fact that "[s]ome of the purchase dates listed in the complaint [were] close enough in time to suggest that the plaintiffs could have made their purchases in the offering").

Further, Plaintiffs must also allege that they directly purchased the BAC securities from a particular Underwriter Defendant or as a result of a particular Underwriter Defendant's

9

solicitation. *See Merrill Lynch & Co.*, 714 F. Supp. 2d at 484 (holding that Section 12(a)(2) standing is limited to "persons who have directly purchased the securities from the underwriting defendants in the subject public offering(s)"); *DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (dismissing Section 12 claim against underwriter defendants because "the amended complaint [did] not aver that any defendant was the immediate seller to any named plaintiffs," or that any defendant "actively solicited any named plaintiff in connection with the sale" of the securities at issue), *aff'd*, 318 F.3d 170 (2d Cir. 2003). Here, the only Defendant from whom Plaintiffs allege to have "directly" purchased securities (Series K Securities) is BAS. (Am. Compl. ¶ 20.) As discussed, however, Plaintiffs have not alleged that that such securities were purchased *in* the Series K Offering and, therefore, Plaintiffs do not have standing to assert claims relating to the Series K Offering. And, although Plaintiffs allege that Montgomery purchased Series H Securities "through" defendant Merrill Lynch (Am. Compl. ¶ 21), such allegation is insufficient to demonstrate that Montgomery purchased such securities "directly" from Merrill Lynch in the Series H Offering.[7] *See Barclays Bank*, 2011 WL 31548, at *5 ("To bring a Section 12 claim, a plaintiff must adequately allege that he or she purchased the relevant shares directly form the defendant."); *see also DLJ Mortgage Capital, Inc.*, 2010 WL 1473288, at *4 ("'If [P]laintiffs did in fact purchase the [securities] directly from the defendants, they should have said so. An evasive circumlocution does not serve as a substitute.'") (quoting *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 305 (D. Mass. 2009)). Accordingly, Plaintiffs lack standing to assert Section 12(a)(2) claims.

---

[7] Significantly, there are no allegations in the Amended Complaint that Plaintiffs purchased the Series H or Series K Securities from or through any of the other underwriters.

10

## IV. PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS

For the reasons set forth in the BAC Defendants' Memorandum of Law, Plaintiffs' Securities Act claims should also be dismissed because the Amended Complaint does not sufficiently allege that the Offering Documents contain any actionable misstatements or omissions. (*See* BAC Defendants' Memorandum of Law at Points II., III., & IV.) The Offering Documents adequately disclosed BAC's mortgage and credit-related assets. (*Id.* at Point II.) Moreover, many of Plaintiffs' allegations are nothing more than challenges to the subjective opinions of Defendants (*e.g.*, that BAC carried its mortgage and credit-related assets on its financial statements at inflated values and waited too long to write down those assets). (*Id.* at Point II.B.) Subjective opinions "[are] actionable under Section 11 or 12 only if the complaint alleges that the speaker did not truly hold the opinion at the time it was issued." *Fait v. Regions Financial Corp.*, 712 F. Supp. 2d 117, 121 (S.D.N.Y. 2010) (Kaplan, J.) (citations omitted); *see also Barclays Bank*, 2011 WL 31548, at *8 (dismissing Section 11 and Section 12(a)(2) claims where complaint failed to allege that defendant "did not truly believe its own valuation" of its mortgage-related assets); *Freidus*, 736 F. Supp. 2d at 836 (holding that subjective opinion "can be false or misleading only if the opinion-giver . . . did not truly believe it to be the case at the time it was issued"). Here, the Amended Complaint contains no such allegations and Plaintiffs Securities Act claims should therefore be dismissed. (*See* BAC Defendants' Memorandum of Law at Point II.B.)

## CONCLUSION

For the foregoing reasons, as well as those set forth in the BAC Defendants' Memorandum of Law, the Underwriter Defendants respectfully request that Counts I and II of the Amended Complaint be dismissed in their entirety with prejudice.

Dated:   New York, New York
         March 4, 2011

                                        Respectfully submitted,

                                        /s/ Jay B. Kasner

                                        Jay B. Kasner
                                        (jay.kasner@skadden.com)
                                        Scott D. Musoff
                                        (scott.musoff@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Attorneys for the Underwriter Defendants