UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NECA-IBEW PENSION TRUST FUND and : Case No. 10-cv-00440 (LAK)(HBP)
DENIS MONTGOMERY, :
 :  ECF Case
           Plaintiffs, :
 :  Electronically Filed
    v. :
 :
BANK OF AMERICA CORPORATION, *et al.*, :
 :
           Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS
COUNTS I AND II OF THE FIRST AMENDED COMPLAINT**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for the Underwriter Defendants

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.     PLAINTIFFS' CLAIMS ARE TIME-BARRED ........................................................ 2

II.    PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2) ................ 3

III.   PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS ................................................... 5

CONCLUSION ...................................................................................................................... 5

## **TABLE OF AUTHORITIES**

Cases                                                                                                                                  Page(s)

**CASES**

*Amorosa v. AOL Time Warner Inc.*,
    409 F. App'x 412 (2d Cir. 2011) ................................................................................. 1, 2, 3

*In re Barclays Bank PLC Securities Litigation*,
    No. 09 Civ. 1989(PAC), 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011) ..................................... 2, 4

*Merck & Co. v. Reynolds*,
    130 S. Ct. 1784 (2010) ................................................................................................. 1, 2, 3

*N.J. Carpenters Health Fund v DLJ Mortgage Capital, Inc.*,
    No. 08 Civ 5653(PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ................................. 3

*Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co.*,
    714 F. Supp. 2d 475 (S.D.N.Y. 2010) ................................................................................ 3, 4

*In re Sterling Foster & Co., Securities Litigation*,
    222 F. Supp. 2d 216 (E.D.N.Y. 2002) ................................................................................. 4

**STATUTES**

28 U.S.C. § 1658(b) ................................................................................................................. 3

15 U.S.C. § 77l(a)(2) ................................................................................................................ 1

15 U.S.C. § 77m ................................................................................................................... 2, 3

The Underwriter Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss Counts I and II of the Amended Complaint with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition briefs serve to highlight the Amended Complaint's incurable deficiencies.[2] *First*, as set forth in the BAC Defendants' Reply Memorandum of Law, Plaintiffs were on constructive notice of their Securities Act claims by at least late 2008. Although Plaintiffs argue in their opposition brief that the Supreme Court in *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010) "rejected the use of inquiry notice to determine when the limitations period for a securities claim begins" (Opp. Br. at 13), Plaintiffs fail to note that the Court in *Merck* was interpreting the limitations period under the Exchange Act, *not* the Securities Act. *Id.* at 1790. Indeed, in a decision post-dating *Merck*, the Second Circuit in *Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412 (2d Cir. 2011), held that claims under the Securities Act "are barred if brought more than one year after actual or *constructive notice* of the claim." *Id.* at 416 (emphasis added). Here, because Plaintiffs were on constructive notice of their claims by at least late 2008 – more than a year before Plaintiffs' original complaint was filed – Plaintiffs' claims are time-barred. (*See infra* Point I.)

*Second*, Plaintiffs lack standing to assert claims under Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2). As Plaintiffs admit in their opposition to the Underwriter Defendants' motion to dismiss, in order to have standing under Section 12(a)(2), they must

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in the Underwriter Defendants' moving brief. To the extent applicable to this motion, the Underwriter Defendants adopt the arguments contained in the BAC Defendants Reply Memorandum of Law.

[2] According to their opposition brief, Plaintiffs are no longer pursuing claims relating to the Series L Securities. (Plaintiffs' UW Def. Opp. Br. at 3 n.2.)

sufficiently allege that they purchased the BAC securities *in* the public offerings at issue, and not in the secondary market, and that such purchases were made directly from one of the Underwriter Defendants. Plaintiffs, however, have failed to do so and their Section 12(a)(2) claims should, therefore, be dismissed. (*See infra* Point II.)

*Finally*, for the reasons set forth in the BAC Defendants' Reply Memorandum of Law, Plaintiffs do not allege any actionable misstatements or omissions in the offering documents and their Securities Act claims, therefore, fail as a matter of law. (*See infra* Point III.)

For these, and additional reasons outlined below and in the BAC Defendants' Reply Memorandum Law, Counts I and II of the Amended Complaint should be dismissed with prejudice against the Underwriter Defendants.

## ARGUMENT

### I.  PLAINTIFFS' CLAIMS ARE TIME-BARRED

Securities Act claims "are barred if brought more than one year after actual or constructive notice of the claim." *Amorosa*, 409 F. App'x at 416; *see also In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989(PAC), 2011 WL 31548, at *6 (S.D.N.Y. Jan. 5, 2011), *reconsideration denied*, 2011 WL 2150477 (S.D.N.Y. May 31, 2011). Here, as set forth in the BAC Defendants' Reply Memorandum of Law, Plaintiffs had constructive notice of their Securities Act claims by at least late 2008. (*See* BAC Defendants' Reply Mem. of Law at Point I.)[3] Plaintiffs, however, waited until January 14, 2010 to file their initial complaint. Because the complaint was filed more than a year after Plaintiffs were on notice of their Securities Act claims,

---

[3]    To avoid unnecessary duplication, the Underwriter Defendants do not repeat in full the arguments set forth in the BAC Defendants' Reply Memorandum of Law. To the extent applicable to this motion, those arguments are expressly incorporated herein.

2

such claims are barred by the Securities Act's one year statute of limitations. 15 U.S.C. § 77(m). *See, e.g., Barclays*, 2011 WL 31548, at *6.

In their opposition to the Underwriter Defendants' motion to dismiss, Plaintiffs, nevertheless, argue that the Supreme Court in *Merck*, 130 S. Ct. at 1787, rejected the use of constructive notice to determine when the limitations period for a "securities claim" begins. (Plaintiffs' UW Def. Opp. Br. at 13.) Plaintiffs, however, fail to note that the *Merck* decision interpreted the general fraud limitation provision of 28 U.S.C. § 1658(b), which applies to fraud claims under the Exchange Act. Section 1658(b) provides that fraud claims must be brought no later than "2 years after the discovery of the facts constituting the violation." By contrast, the Securities Act's limitations provision – Section 13 – provides that Securities Act claims are barred "unless brought within one year after the discovery of the untrue statement or the omission, *or after such discovery should have been made by the exercise of reasonable diligence*." 15 U.S.C. § 77m (emphasis added). Indeed, just last February, the Second Circuit unequivocally held that Securities Act claims are time-barred if brought more than one year after "constructive notice" of the claim. *Amorosa*, 409 F. App'x at 416. Accordingly, Plaintiffs reliance on *Merck* is wholly misplaced and should be rejected.

## II.     PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2)

Plaintiffs admit that, in order to have Section 12(a)(2) standing, they must allege facts sufficient to demonstrate that they "directly purchased in the Offerings from a proper defendant." (Plaintiffs' UW Def. Opp. Br. at 10.) *See Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 484 (S.D.N.Y. 2010) (holding that Section 12(a)(2) standing is limited to "persons who have directly purchased the securities from the underwriting defendants in the subject public offering(s)"). Plaintiffs, however, fail to do so.

3

First, although Plaintiffs allege that NECA-IBEW purchased Series K Securities "directly from Underwriter Banc of America," the Amended Complaint is admittedly bereft of *any* allegation that NECA-IBEW purchased the Series K Securities *in* the subject offering, as opposed to in a secondary market. Plaintiffs, therefore, lack standing to assert a Section 12(a)(2) claim in connection with the Series K Securities. *See, e.g., N.J. Carpenters Health Fund v DLJ Mortg. Capital, Inc.*, No. 08 Civ 5653(PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (dismissing Section 12(a)(2) claim where complaint did not allege that plaintiffs purchased shares in public offering); *Merrill Lynch & Co.*, 714 F. Supp. 2d at 484 (same).[4]

Second, although Plaintiffs allege that Montgomery purchased Series H Securities "through" defendant Merrill Lynch (Am. Compl. ¶ 21), such allegation is insufficient to demonstrate that Montgomery purchased such securities "directly" from Merrill Lynch in the Series H Offering. Because Plaintiffs have admittedly failed to allege a direct purchase of the Series H Securities from one of the Underwriter Defendants, they likewise do not have standing to assert a Section 12(a)(2) claim in connection with the Series H Securities. *See Barclays Bank*, 2011 WL 31548, at *5 ("To bring a Section 12 claim, a plaintiff must adequately allege that he or she purchased the relevant shares directly form the defendant."). Accordingly, Plaintiffs lack standing to assert Section 12(a)(2) claims.[5]

---

[4] Although Plaintiffs contend that the certification attached to NECA-IBEW's motion for appointment as lead plaintiff demonstrates that NECA-IBEW purchased in the subject offering, the mere fact that "the purchase dates listed in the complaint [were] close enough in time to suggest that the plaintiffs could have made their purchases in the offering" is insufficient to demonstrate Section 12(a)(2) standing. *In re Sterling Foster & Co., Sec. Litig.*, 222 F. Supp. 2d 216, 245 (E.D.N.Y. 2002).

[5] As mentioned in the Underwriter Defendants' moving brief, conspicuously absent form the Amended Complaint is any allegation that Plaintiffs purchased the Series H or K Securities from or through any of the remaining underwriters – *i.e.*, Citigroup Global Markets, Inc., Deutsche Bank Securities, J.P. Morgan Securities, Inc., Morgan Stanley & Co., Inc., UBS Securities LLC, or Wachovia Capital Markets, LLC.

### III. PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS

For the reasons set forth in the BAC Defendants' Reply Memorandum of Law, Plaintiffs have failed to allege any actionable misstatements or omission in the Offering Documents.  (*See* BAC Defendants' Reply Mem. of Law at Point II.)

### CONCLUSION

For the foregoing reasons, as well as those set forth in the Underwriter Defendants' moving brief and the BAC Defendants' moving and reply briefs, the Underwriter Defendants respectfully request that Counts I and II of the Amended Complaint be dismissed in their entirety with prejudice.

Dated:   New York, New York
         June 10, 2011

                                    Respectfully submitted,

                                    /s/ Jay B. Kasner
                                    Jay B. Kasner
                                    (jay.kasner@skadden.com)
                                    Scott D. Musoff
                                    (scott.musoff@skadden.com)
                                    SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM LLP
                                    Four Times Square
                                    New York, New York  10036
                                    (212) 735-3000

                                    Attorneys for the Underwriter Defendants