USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-29-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

NECA-IBEW PENSION TRUST FUND,
et al.,
:
: 10 Civ. 440 (LAK)(HBP)
       Plaintiffs,
: OPINION AND
   -against-                      ORDER
:
BANK OF AMERICA CORP., et al.,
:
       Defendants.
:
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By letter and a memorandum of law dated December 13, 2011, Lead Plaintiff, NECA-IBEW Pension Trust Fund, seeks a partial lifting of the automatic discovery stay currently in place in this action. For the reasons set forth below, the application is denied.

       Plaintiffs commenced this action alleging that defendants violated Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l and 77o. Specifically, plaintiffs claim that defendants Bank of America Corporation ("BAC"), its underwriters and others, in connection with certain offerings of BAC securities in early 2008, failed to disclose certain negative financial information concerning Countrywide Financial Corporation ("Countrywide"). At the time of the securities offering,

BAC owned 16% of Countrywide's stock and had entered into an agreement to purchase Countrywide for $4 billion. According to the first amended complaint, BAC's filings concerning the Countrywide acquisition were false and misleading because they misrepresented or omitted material information concerning the true value of Countrywide's loan portfolio. Plaintiffs claim that, as a result of lax and otherwise improper lending practices, Countrywide's loan portfolio was subject to serious and undisclosed risk.

Defendants moved to dismiss the first amended complaint on March 4, 2011; that motion has been referred to me to issue a report and recommendation and is now pending. In its present application, Lead Plaintiff seeks limited relief from the automatic stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA") and requests that defendants be directed to produce the documents previously produced in another litigation -- SEC v. Mozilo, 09-cv-3994-JFW (MANx) (C.D. Cal.) (Walter, J.), an SEC enforcement action against former Countrywide officers.

The PSLRA provides, in pertinent part, that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is neces-

sary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); see Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 32 (2d Cir. 2005) (PSLRA imposes "a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims."), vacated and remanded on other grounds, 547 U.S. 71 (2006). "Congress enacted the discovery stay provision of the PSLRA to limit 'abusive discovery to prevent "fishing expedition" lawsuits.'" In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig., 09 MDL 2058 (DC), 2009 WL 4796169 at *1 (S.D.N.Y. Nov. 16, 2009) (Chin, then D.J., now Cir. J.), quoting H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736. An additional purpose is to prevent the threat of expensive discovery from coercing defendants to settle. Kassover v. UBS A.G., 08 Civ. 2753 (LMM)(KNF), 2008 WL 5395942 at *3 (S.D.N.Y. Dec. 19, 2008) (K. Fox, M.J.); 380544 Can., Inc. v. Aspen Tech., Inc., 07 Civ. 1204 (JFK), 2007 WL 2049738 at *2 (S.D.N.Y. July 18, 2007) (Keenan, D.J.); In re Global Crossing, Ltd. Sec. Litig., 322 F. Supp. 2d 319, 353 n.28 (S.D.N.Y. 2004) (Lynch, then D.J., now Cir. J.).

There does not appear to be any serious claim in ths case that discovery is necessary in order to preserve evidence. The documents in issue have already been produced to the Securi-

3

ties and Exchange Commission; the possibility that defendants would now lose these documents is close to nil given their obligation to preserve documents and the adverse inference they would no doubt suffer if these documents were now to disappear mysteriously. See generally In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) ("A party alleging that discovery is 'necessary to preserve evidence' must . . . make a specific showing that the 'loss of evidence is imminent as opposed to merely speculative'" (citations omitted)). Thus, the outcome of the present application turns on whether the discovery sought is necessary to prevent "undue prejudice" to plaintiffs.

The Court of Appeals for the Second Circuit has not had occasion to define the meaning of "undue prejudice" as the term is used in the PSLRA. Mori v. Saito, 10 Civ. 6465 (BSJ)(GWG), 2011 WL 3585483 at *3 (S.D.N.Y. Aug. 11, 2011) (Gorenstein, M.J.); In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig., supra, 2009 WL 4796169 at *2. Undue prejudice is sometimes found where the action before the court is one of several actions against the same defendants and continuing the stay will prejudice the plaintiff's right to recover in light of the status of the other actions. See In re WorldCom Inc. Sec. Litig., 234 F. Supp. 2d 301, 305-06 (S.D.N.Y.

4

2002) (Cote, D.J.) (granting limited relief from PSLRA stay to enable plaintiffs to participate in global settlement discussions with plaintiffs from other actions). "Courts have [also] found undue prejudice where plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig., supra, 2009 WL 4796169 at *2 (citations omitted). Other decisions have found "'[u]ndue prejudice' in the context of a discovery stay [to] mean[ ] improper or unfair treatment amounting to something less than irreparable harm." 380544 Can., Inc. v. Aspen Tech., Inc., supra, 2007 WL 2049738 at *1, quoting In re Smith Barney Transfer Agent Litig., 05 Civ. 7583 (WHP), 2006 WL 1738078 at *2 (S.D.N.Y. June 26, 2006) (Pauley, D.J.). "'Undue prejudice' does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures[;] . . . because 'delay is an inherent part of every stay of discovery required by the PSLRA.'" In re Smith Barney Transfer Agent Litig., supra, 2006 WL 1738078 at *2 (citations omitted).

Plaintiffs' entire argument concerning prejudice consists of the following:

5

> Partial relief from the PSLRA's stay of discovery will protect Lead Plaintiff and the prospective class [it] represent[s] from undue prejudice. With access to the same materials available to other interested parties, Lead Plaintiff[] will be able to plan their litigation strategy and knowledgeably investigate the merits of early settlement discussions.

(Lead Plaintiff's Memorandum of Law in Support of Motion for Limited Relief from the PSLRA Discovery Stay, dated Dec. 13, 2011, at 9). This argument, devoid of any specifics, can be used in virtually every case subject to the PSLRA and, if accepted, would create an exception that would swallow the PSLRA's automatic discovery stay. In addition, the Lead Plaintiff fails to explain how deferring strategic decisions until the motion to dismiss is resolved (assuming the action survives the motion to dismiss) will result in prejudice.

In support of its argument, Lead Plaintiff relies on In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig., supra, 2009 WL 4796169, in which Judge Chin found that an inability to make informed strategic decisions would prejudice the plaintiffs in light of the pace of discovery in other parallel proceedings. 2009 WL 4796169 at *3. In this case, however, there are no parallel proceedings. As defendants note, although Lead Plaintiff seeks only discovery that has already been produced in an SEC enforcement action, that action is substantially different from this action and cannot be consid-

6

ered parallel. In <u>SEC v. Mozilo</u>, the SEC alleges that Countrywide itself misrepresented its lending practices and that its former CEO engaged in insider trading. Indeed, it was the lack of substantial overlap between this action and the other actions pending against Countrywide that led the United States Judicial Panel on Multidistrict Litigation to decline the transfer of this action as a related action (Order of the United States Judicial Panel on Multidistrict Litigation, dated Aug. 30, 2011 (Docket Item 47) at 3).

    Finally, Lead plaintiff argues that because the discovery it seeks is limited and has already been produced in another action, there will be no substantial burden on BAC, the discovery it seeks cannot be fairly described as a "fishing expedition," and permitting the limited discovery will not frustrate the purpose of the PSLRA's automatic stay provision. Although these arguments appear to be true, I conclude that they are not sufficient to overcome the command of the PSLRA. "[E]ven where the goals of the PSLRA are not frustrated and a plaintiff's discovery request is limited to documents already produced to government regulators, courts have refused to lift the discovery stay if the narrow statutory exceptions of evidence preservation or undue prejudice have not been met." <u>380544 Can., Inc. v. Aspen Tech., Inc.</u>, <u>supra</u>, 2007 WL 2049738 at * 2, <u>citing</u>, <u>among other authori-</u>

ties, In re Vivendi Universal S.A. Sec. Litig., supra, 381 F. Supp. 2d at 129 and Rampersad v. Deutsche Bank Sec. Inc., 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (Swain, D.J.); accord Kuriakose v. Fed. Home Loan Mortg. Co., 674 F. Supp. 2d 483, 488 (S.D.N.Y. 2009) (Keenan, D.J.).

Accordingly, for all the foregoing reasons, Lead Plaintiff's application for limited relief from the PSLRA's automatic stay of discovery is denied in all respects.

Dated:  New York, New York
        December 29, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Jeffrey R. Krinsk, Esq.
Mark Knutson, Esq.
C. Michael Plavi, Esq.
Finkelstein & Krinsk LLP
Suite 1250
501 West Broadway
San Diego, California  92101

Jeffrey A. Klafter, Esq.
Klafter, Olsen & Lesser, LLP
Suite 350
Two International Drive
Rye Brook, New York  10573

Jonathan Rosenberg, Esq.
William J. Sushon, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York  10036

Jay B. Kasner, Esq.
Scott D. Musoff, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
42nd Floor
Four Times Square
New York, New York  10036