UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
NECA-IBEW PENSION TRUST FUND and  : Case No. 10-cv-00440 (LAK)(HBP)
DENIS MONTGOMERY, on behalf of    :
themselves and all others similarly situated, : ECF Case
                                  :
                Plaintiffs,       : Electronically Filed
                                  :
        v.                        :
                                  :
BANK OF AMERICA CORPORATION, *et al.*, :
                                  :
                Defendants.       :
---------------------------------- :

# THE UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE PITMAN'S REPORT AND RECOMMENDATION

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for the Underwriter Defendants

Defendants Citigroup Global Markets Inc., Deutsche Bank Securities, J.P. Morgan Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co., Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (collectively, the "Underwriter Defendants") respectfully submit this memorandum in response to Plaintiffs' Objections (the "Objections") to the February 9, 2012 Report and Recommendation of Magistrate Judge Pitman (the "Report and Recommendation" or "R&R"). The Underwriter Defendants join in and adopt the points made in the BAC Defendants'[1] Response to Plaintiffs' Objections.

As set forth in the BAC Defendants' Response, in a thorough and well reasoned opinion, Judge Pitman held that Plaintiffs' failed to allege any actionable misstatements or omissions in the relevant offering documents and, therefore, recommended dismissal of Plaintiffs' claims for violations of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*, and 77o. Among other things, Judge Pitman concluded that Plaintiffs' failed to plausibly allege that the offering documents contained statements that were false or misleading at the time they were made. In doing so, Judge Pitman held, *inter alia*, that many of Plaintiffs' allegations are nothing more than challenges to the subjective opinions of defendants. (*See, e.g.*, R&R at 38 n.18 & 44 n.21.) As this Court has held, an opinion is only actionable under Sections 11 or 12 "if the complaint alleges that the speaker did not truly hold the opinion at the time it was issued." *Fait* v. *Regions Fin. Corp.*, 712 F. Supp. 2d 117, 121 (S.D.N.Y. 2010) (Kaplan, J.) ("An opinion is actionable under Section 11 or 12 only if the complaint alleges that

---

[1] Defendants Bank of America Corporation, Banc of America Securities LLC, Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, William Barnet, III, Frank P. Bramble, John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, W. Steven Jones, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward are referred to herein as the "BAC Defendants."

the speaker did not truly hold the opinion at the time it was issued."), *aff'd,* 655 F.3d 105, 110-13 (2d Cir. 2011); *see also In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989 (PAC), 2011 WL 31548, at *8 (S.D.N.Y. Jan. 5, 2011), *reconsideration denied*, 2011 WL 2150477 (S.D.N.Y. May 31, 2011) (claims regarding valuation of subprime assets not actionable absent an allegation that defendants did not truly believe their valuations).  Here, not only does the First Amended Complaint contain no such allegations, Plaintiffs specifically *disclaimed* any allegations of knowing or reckless intent to mislead investors.  *See* R&R at 38 n.18 (citing First Amended Complaint ¶¶ 1, 112, 123, 128).  Judge Pitman was, therefore, correct in holding that Plaintiffs' Securities Act claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the BAC Defendants' Response, the Underwriter Defendants respectfully request that this Court adopt the Report and Recommendation to the extent it recommends dismissal of the First Amended Complaint in its entirety. Moreover, for the reasons set forth in the BAC Defendants' Response, any amendment would be futile because, among other things, Plaintiffs' claims are time-barred under the Securities Act's one-year statute of limitations. (BAC Resp. at 20-21.) Accordingly, the Underwriter Defendants respectfully submit that dismissal of the First Amended Complaint should be with prejudice.

Dated:  New York, New York
        March 15, 2012

                                        Respectfully submitted,

                                        /s/ Jay B. Kasner
                                        Jay B. Kasner
                                        (jay.kasner@skadden.com)
                                        Scott D. Musoff
                                        (scott.musoff@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Attorneys for the Underwriter Defendants