UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
NECA-IBEW PENSION TRUST FUND and : 10-cv-00440 (LAK)(HBP)
DENIS MONTGOMERY, on behalf of :
themselves and all others similarly situated, : ECF Case
:
              Plaintiffs, : Electronically Filed
:
     v. :
:
BANK OF AMERICA CORPORATION, *et al.*, :
:
              Defendants. :
---------------------------------- x

## THE UNDERWRITER DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for the Underwriter Defendants

Defendants Citigroup Global Markets Inc., Deutsche Bank Securities, J.P. Morgan Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (individually and as successor by merger to defendant Banc of America Securities LLC), Morgan Stanley & Co., Inc., UBS Securities LLC and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (collectively, the "Underwriter Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint. The Underwriter Defendants join in and adopt the points made by the BAC Defendants[1] in their Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint (the "BAC Defendants' Opposition Brief").

In its February 9, 2012 Report and Recommendation (the "R&R"), this Court held that Plaintiffs failed to allege any actionable misstatements or omissions in the relevant offering documents and, therefore, recommended dismissal of Plaintiffs' claims for violations of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*, and 77o. (R&R at 78.) In addition, the Court recommended that Plaintiffs' application to amend their complaint "be denied without prejudice to renewal by way of formal motion," and that such motion include a proposed amended complaint. (*Id.*) Plaintiffs subsequently filed objections to the R&R, in which they not only objected to this Court's holding that the First Amended Complaint ("FAC") failed to allege any actionable Securities Act claims, but also to the Court's recommendation that Plaintiffs be required to file a formal motion seeking leave to amend.

---

[1] Defendants Bank of America Corporation ("BAC"), Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, William Barnet, III, Frank P. Bramble, John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, W. Steven Jones, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward are referred to herein as the "BAC Defendants."

By Order dated March 16, 2012 (the "March 16 Order"), Judge Kaplan overruled Plaintiffs' objections, adopted this Court's 80-page R&R, and granted Defendants' motions to dismiss in all respects. (March 16 Order at 2.) In doing so, Judge Kaplan rejected Plaintiffs' argument that "they should be afforded the opportunity, unconditionally, to file any amended complaint they see fit." (*Id.*) Nevertheless, because Plaintiffs had filed their motion for leave the day before Judge Kaplan issued the March 16 Order, Judge Kaplan stated that the issue was "academic" and indicated that Defendants were free to oppose the motion "on the ground that the proposed amendment would be futile." (*Id.*) As set forth in the BAC Defendants' Opposition Brief, Plaintiffs' proposed amendments are, in fact, futile and Plaintiffs' motion should be denied. (*See* BAC Def's Opp. Br. at 8-24.) *See, e.g., Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 453 (S.D.N.Y. 2007) (Kaplan, J.) (denying motion for leave to amend on futility grounds).[2]

*First*, Plaintiffs' proposed amendments would be futile because they do not rectify the fatal defects in the FAC identified by this Court, as well as Judge Kaplan, including Plaintiffs' failure to allege that the offering documents contained statements that were false or

---

[2] Plaintiffs' claims against the Underwriter Defendants in the Proposed Second Amended Complaint ("Proposed SAC") are identical to those claims asserted against the Underwriter Defendants in the FAC – *i.e.*, that (i) the offerings took place; (ii) certain financial institutions served as underwriters for particular offerings; (iii) the offering documents were "false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated [therein];" (iv) "[t]he Underwriter Defendants were responsible for the contents and dissemination of the [offering documents];" (v) the Underwriter Defendants did not make "a reasonable investigation or possess[] reasonable grounds for the belief that the statements contained in the [offering documents] were true and without omissions of any material facts and were not misleading;" and, as a result, (vi) the Underwriter Defendants are liable for violations of Sections 11 and 12(a)(2) of the Securities Act. (Proposed SAC ¶¶ 162, 165, 167, 168.) Moreover, although the Proposed SAC alleges that Plaintiffs purchased the relevant securities in the public offerings at issue and directly from Banc of America Securities LLC (the Series K securities) and Merrill Lynch (the Series H securities), it does not allege that Plaintiffs purchased securities from any of the remaining Underwriter Defendants. (*Id.* ¶¶ 23-24.)

2

misleading at the time they were made. (*See* R&R at 33, 38, 44; March 16 Order at 1-2; *see also* BAC Def's Opp. Br. at 1, 5, 12-14.)

*Second*, Plaintiffs' newly asserted claims, including those relating to BAC's classification and valuation of certain CDO assets, fail to state a Securities Act claim because BAC disclosed precisely the information that Plaintiffs now allege was concealed. (*See* BAC Def's Opp. Br. at 14-19.)

*Finally*, Plaintiffs' proposed amendments would be futile because their claims are time-barred. (*See* BAC Def's Opp. Br. at 8-11.) All of Plaintiffs' claims are barred by the Securities Act's one-year statute of limitations because Plaintiffs had actual and/or constructive notice of their claims more than one year prior to filing the initial complaint in this matter. (*See id.*) *See Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412, 416 (2d Cir.) (holding that Securities Act claims "are barred if brought more than one year after actual or constructive notice of the claim"), *cert. denied*, 131 S. Ct. 3003 (2011). Moreover, Plaintiffs' newly proposed CDO claims are barred by the Securities Act's three-year statute of repose, which bars Securities Act claims "brought more than three years after the security was bona fide offered to the public." *In re IndyMac Mortgage-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 642 (S.D.N.Y. 2011) (Kaplan, J.) (internal quotation marks and citation omitted). Here, Plaintiffs' proposed CDO-related claims pertain to offerings that occurred on January 24, 2008 (the Series K offering) and May 20, 2008 (the Series H offering). Because Plaintiffs did not seek to assert these claims until March 15, 2012 – *i.e.*, the day they filed their motion seeking leave to file the Proposed SAC – the claims are barred by the three-year statute of repose. (*See* BAC Def's Opp. Br. at 11.) *See In re IndyMac*, 793 F. Supp. 2d at 642 ("[N]either *American Pipe* nor any other form of tolling may be

3

invoked to avoid the three year statute of repose set forth in Section 13 of the Securities Act of 1933.").

## CONCLUSION

For the foregoing reasons, as well as those set forth in the BAC Defendants' Opposition Brief, the Underwriter Defendants respectfully request that this Court deny in all respects Plaintiffs' Motion For Leave to File a Second Amended Class Action Complaint.

Dated:  New York, New York
April 20, 2012

                                      Respectfully submitted,

                                      /s/ Jay B. Kasner
                                      Jay B. Kasner
                                      (jay.kasner@skadden.com)
                                      Scott D. Musoff
                                      (scott.musoff@skadden.com)
                                      SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
                                      Four Times Square
                                      New York, New York  10036
                                      (212) 735-3000

                                      Attorneys for the Underwriter Defendants

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury that on April 20, 2012, I caused a true and correct copy of *The Underwriter Defendants' Opposition to Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint* to be served upon the following counsel in the manner indicated below:

<u>Via E-Mail & First Class Mail</u>

Jeffrey R. Krinsk, Esq.
Mark L. Knutson, Esq.
C. Michael Plavi II, Esq.
Finkelstein & Krinsk LLP
501 West Broadway, Suite 1250
San Diego, CA 92101

*Attorneys for Plaintiffs and Lead Counsel for the Class*

Jonathan Rosenberg, Esq.
William Sushon, Esq.
O'Melveny & Myers LLP
Seven Times Square
New York, NY 10036

*Attorneys for the BAC Defendants*

Jeffrey A. Klafter, Esq.
Klafter, Olsen & Lesser LLP
Two International Place, Suite 350
Rye Brook, NY 10573

*Attorneys for Plaintiffs and Liaison Counsel for the Class*

Dated: New York, New York
April 20, 2012

Gary J. Hacker