UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| NECA-IBEW PENSION TRUST FUND and DENIS MONTGOMERY, on behalf of themselves and all others similarly situated, | : : : | 10-cv-00440 (LAK)(HBP) ECF Case |
| Plaintiffs, | : : | Electronically Filed |
| v. | : : | |
| BANK OF AMERICA CORPORATION, *et al.*, | : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE PITMAN'S FEBRUARY 15, 2013 OPINION AND ORDER**

      SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
      Jay B. Kasner (jay.kasner@skadden.com)
      Scott D. Musoff (scott.musoff@skadden.com)
      Four Times Square
      New York, New York  10036
      (212) 735-3000

      Attorneys for the Underwriter Defendants

Defendants Citigroup Global Markets Inc., Deutsche Bank Securities, J.P. Morgan Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (individually and as successor by merger to defendant Banc of America Securities LLC), Morgan Stanley & Co., Inc., UBS Securities LLC and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (collectively, the "Underwriter Defendants") respectfully submit this response to Plaintiffs' Objections (the "Objections") to Magistrate Judge Pitman's February 15, 2013 Opinion and Order denying Plaintiffs' Motion for Leave to File a Second Amended Complaint. The Underwriter Defendants join in, adopt and expressly incorporate herein the points made by the BAC Defendants[1] in their Response to Plaintiffs' Objections (the "BAC Defendants' Response" or "BAC Def's Resp.").

By Order dated March 16, 2012 (the "March 16 Order"), this Court, over the objections of Plaintiffs, adopted Judge Pitman's February 9, 2012 Report and Recommendation and dismissed Plaintiffs' First Amended Complaint in its entirety. (March 16 Order at 1-2 (Dkt. 65).) In doing so, the Court, among other things, rejected Plaintiffs' argument that "they should be afforded the opportunity, unconditionally, to file any amended complaint they see fit." (*Id.* at 2.) Nevertheless, because Plaintiffs had filed a motion for leave to amend the day before the Court issued its March 16 Order, the Court held that the issue was "academic" and indicated that Defendants were free to oppose the motion "on the ground that the proposed amendment would be futile." (*Id.*)

---

[1] Defendants Bank of America Corporation ("BAC"), Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, William Barnet, III, Frank P. Bramble, John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, W. Steven Jones, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward are referred to herein as the "BAC Defendants."

The Court referred Plaintiffs' "non-dispositive" motion to Judge Pitman. (Order of Reference at 1 (Dkt. 64).)  Thereafter, on February 15, 2013, Judge Pitman issued his 47-page Opinion and Order (the "February 15 Order") denying Plaintiff's motion to amend in all respects. Among other things, Judge Pitman held that the claims asserted in Plaintiffs' Proposed Second Amended Complaint (the "Proposed SAC") are (i) time-barred under the Securities Act of 1933's (the "Securities Act"), 15 U.S.C. § 77m, one-year limitations period and, in any event, (ii) fail to state a claim under Sections 11, 12 or 15 of the Securities Act, 15 U.S.C. §§ 77k, 77*l*, and 77o. (February 15 Order at 14-47.)  Accordingly, Judge Pitman held that "granting leave to file a second amended complaint would . . . be futile." (*Id.* at 46.)

As set forth in the BAC Defendants' Response, Judge Pitman's February 15 Order is neither "clearly erroneous" nor "contrary to law." (*See* BAC Def's Resp. at 4-19.)  Accordingly, Plaintiffs' Objections should be overruled.  *See, e.g.*, *Sobel v. Cmty. Access, Inc.*, No. 03 Civ. 5642(LAK), 2007 WL 1890632, at *1 (S.D.N.Y. July 3, 2007) (Kaplan, J.) (overruling plaintiffs' objections to magistrate judge order because "[t]he order in question was not clearly erroneous or contrary to law").[2]

*First*, Judge Pitman correctly concluded that Plaintiffs' newly-asserted allegations are time-barred under the Securities Act's one-year limitations period. (*See* BAC Def's Resp. at 7-

---

[2]   Plaintiffs have taken the position that the Court must conduct a *de novo* review of those portions of the February 15 Order to which they objected. (Objections at 7.)  Plaintiffs are wrong.  As discussed in the BAC Defendants' Response, although magistrate judge rulings on dispositive matters are reviewed *de novo*, rulings on non-dispositive matters may not be modified unless the ruling is "'clearly erroneous or contrary to law.'" (BAC Def's Resp. at 4 (quoting Fed. R. Civ. P. 72(a)).)  In the Second Circuit, motions to amend are treated as *non-dispositive motions*, even where, as here, the magistrate has denied leave to amend on futility grounds.  *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584-85 (2d Cir. 2003).  Consistent with this authority, the Court marked the referral to Judge Pitman as "non-dispositive." (Order of Reference at 1.)  Nevertheless, under any standard of review, Judge Pitman's February 15 Order should be affirmed. (*See* BAC Def's Resp. at 5.)

2

13.)  Plaintiffs argue that Judge Pitman applied the wrong standard because the Supreme Court's decision in *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010), purportedly displaced the well-established inquiry-notice standard for commencing the Securities Act's one-year limitations period.  (Objections at 10-12.)  Plaintiffs, however, ignore this Court's decision in *In re IndyMac Mortgage-Backed Securities Litigation*, 793 F. Supp. 2d 637 (S.D.N.Y. 2011) (Kaplan, J.), in which the Court rejected the exact argument proffered by Plaintiffs here – *i.e.*, that the inquiry notice standard for evaluating the timeliness of Securities Act claims is no longer valid after *Merck*.  793 F. Supp. 2d at 648.  In any case, such an argument is nothing more than a red-herring.  As Judge Pitman held, "even if the more permissive *Merck* standard is applied, the claims alleged in the proposed SAC are time-barred and, therefore, the proposed SAC is futile."  (February 15 Order at 18-19.)

*Second*, Judge Pitman correctly concluded that amendment would be futile because the proposed Second Amended Complaint fails to allege that the offering documents at issue contained statements that were false or misleading at the time they were made.  (February 15 Order at 36-46.)  As set forth in the BAC Defendants' Response, in connection with Plaintiff's newly-asserted accounting claims, BAC disclosed all of the facts that Plaintiffs now allege BAC misrepresented or omitted.  (*See* BAC Def's Resp. at 13-14.)  Moreover, even if such information had not been disclosed, Plaintiffs fail adequately to allege, as they must, that BAC did not honestly believe the challenged statements at the time they were made.  (*See id.* at 14-16 (citing *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 113 (2d Cir. 2011).)  In addition, with regard to Plaintiffs' allegations concerning former BAC CEO Kenneth Lewis's generalized remarks about the "quality" of Countrywide loan originations, Judge Pitman correctly held that the Proposed

3

SAC relies on data that actually confirms Lewis's statements and, in all events, such remarks are not actionable. (*See* BAC Def's Resp. at 16-18.)

*Finally*, Judge Pitman's February 15 Order should be affirmed for the additional reasons outlined in Defendants' opposition to the motion to amend which were not considered by Judge Pitman, including that Plaintiffs' newly-asserted claims are (i) barred by the Securities Act's three-year statute of repose and (ii) proscribed by the Private Securities Litigation Reform Act of 1995's safe harbor for forward looking statements, 15 U.S.C. § 77z-2(c)(1), and the "bespeaks caution" doctrine. (*See* BAC Def's Resp. at 18-19.)

## CONCLUSION

For the foregoing reasons, as well as those set forth in the BAC Defendants' Response, the Underwriter Defendants respectfully request that this Court overrule Plaintiffs' Objections and affirm Judge Pitman's February 15 Order in all respects.

Dated:  New York, New York
        March 25, 2013

                                        Respectfully submitted,

                                        /s/ Jay B. Kasner
                                        Jay B. Kasner
                                        (jay.kasner@skadden.com)
                                        Scott D. Musoff
                                        (scott.musoff@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Attorneys for the Underwriter Defendants